LOYAL PROTECTIVE INSURANCE COMPANY OF MASSA-
CHUSETTS v. WILSON.

[No. 24,300.    Filed November 24, 1925.]

1. JUDGMENT.—*Questions as to the relations between a fra-
ternal insurance association of a similar name and the defend-
ant insurance company, which had reinsured the policy holders
in such insurance association were proper in an action on de-
fault judgment taken in the name of the original association.*
—In an action against the Loyal Protective Insurance Com-
pany on a default judgment against "The Loyal Protective
Association," where the issue was whether the judgment on
default was actually recovered against the defendant under the
name of the Loyal Protective Association, summons being
served on it, though designated therein as the "Protective
Association" instead of "Insurance Company," questions to a
witness relative to the reinsurance by the defendant of all
business of the Loyal Protective Association, the execution by
the defendant of an undertaking to assume the liability of the
association on all outstanding policies and as to whether all
premiums on such policies were thereafter paid to the de-
fendant and all claims on such policies were paid by it, were
proper, as they were pertinent to the issue before the court.
p. 41.

2. JUDGMENT.—*Facts held to sustain inference that action in
which judgment was rendered was brought against defendant
under another name.*—In an action against the Loyal Pro-
tective Insurance Company on a default judgment against
"The Loyal Protective Association," rendered by a justice of
the peace, facts shown by justice's record *held* sufficient to
sustain inference that plaintiff had a claim against the de-
fendant company, for benefits under a policy issued by said
association and reinsured by the defendant and that suit there-
on was brought against the defendant by the name of the
association and summons served on agent of the defendant, and
that the justice thereby acquired jurisdiction to render the
judgment.    p. 42.

3. JUSTICES OF THE PEACE.—*Formality not required in pleadings
before justice of peace or record made by him.*—No formality
is required in the pleadings before a justice of the peace or in
the record made by him.    p. 42.

From Bartholomew Circuit Court; *John W. Donaker*,
Judge.

Action by John M. Wilson against the Loyal Protective Insurance Company of Massachusetts. From a judgment for plaintiff, the defendant appeals. [Transferred from the Appellate Court under §1351 Burns 1926, §1399 Burns 1914, Acts 1901 p. 565, §15.] *Affirmed.*

*Frederick H. Nash, Herbert Schnare, Charles S. Baker* and *Frank N. Richman,* for appellant.

*George W. Long* and *John Rynerson,* for appellee.

EWBANK, C. J.—Appellee, as plaintiff, brought suit against appellant, as defendant, on a judgment which he had recovered by default, in 1916, against 1. "The Loyal Protective Association," the complaint in this action alleging that the judgment was recovered against the defendant company by that name, that it was duly rendered, and that the amount thereof was due and unpaid. The only answer was a general denial. Judgment was rendered in favor of appellee, from which this appeal was taken. Overruling the motion for a new trial is the only error assigned, under which appellant specifies the admission in evidence, over its objection, of each of five questions and the answers thereto, in the deposition of Francis R. Parks, the secretary of the defendant company. One of the matters in issue was whether or not the judgment really was recovered against the defendant company under the name of the Loyal Protective Association, in an action to enforce a demand against it in which summons was served on it, though it was designated therein by the other name. The questions and answers objected to had reference to the reinsurance by the defendant company of all business of the Loyal Protective Association, in 1909, at which time, as shown by evidence admitted without objection, the association ceased to do business, an undertaking at that time on the part

of the defendant company to assume the risk on all outstanding policies of the association, a contract which it then offered to make with all holders of such policies to carry their insurance, and the fact that, after 1909, all premiums paid on such policies were paid to and received by the defendant company, and all claims arising out of such policies that were continued in force were paid by the company. These facts were pertinent on the question whether or not a suit for unpaid benefits accruing under a policy in 1916 was really against the company which had made the contract of reinsurance, although the association which originally issued the policy was named as defendant. No error was committed in overruling the objections to these questions and answers.

It is further specified as error that the decision is not sustained by the evidence and is contrary to law, counsel for appellant insisting that there was no

2, 3. evidence that the justice of the peace had acquired jurisdiction of appellant under the name of the Loyal Protective Association at the time of rendering the judgment sued on. The record of the justice of the peace showed that the suit in which that judgment was recovered was an action on a policy issued in 1905 by The Loyal Protective League; that the complaint alleged "that on or about March 23, 1916, defendant tendered to plaintiff its check number 75977, in the sum of $30.00, in full payment of the claim herein sued on, which check plaintiff refused to receive in payment of said claim, and plaintiff now brings said check into court and tenders same back to defendant"; that the check thus tendered purported to be executed by the defendant company by its correct name; that summons in that action was served on a man who was shown by other evidence to have been engaged in collecting premiums on outstanding policies for said

defendant company, and soliciting insurance for it in the township and county where the suit was brought, in which township he resided and had an office, from the time when the defendant company was organized in 1909 down to that time; that in 1909, the Loyal Protective Association had ceased to do business and the defendant company had then taken over all of its business and assets, and reinsured all of its policy holders, subject only to the continuance on their part of the payment of premiums, and thereafter had paid all claims which accrued on such policies.. And that both the association and the defendant company were foreign corporations of the State of Massachusetts. Nothing was shown tending to explain away or refute the inference which the trial court drew that appellee had a claim against the defendant company for benefits under a policy issued by The Loyal Protective Association and reinsured by the company, and that he brought suit thereon against the company by the name of the association, and caused summons to be served on the agent who then represented the defendant company in that township. No formality is required in the pleadings before a justice of the peace or in the record made by him. And we think the facts proved fairly tended to support the inference which the court drew.

The judgment is affirmed.